## No. 13,437.

MUTUAL NATIONAL BANK OF NEW ORLEANS VS. JOHN T. MOORE ET AL.

### SYLLABUS.

1. One enjoining the execution of a judgment against himself carries the burden of proving his averment that the judgment was obtained upon an obligation for which there was no consideration.
2. ·Failure of. the receiver to produce a list of assets in compliance with his promise to counsel in open court not followed by objection, and a bill of exceptions, affords· no reason for setting aside a judgment, on the ground that the list does not contain the judgment as one of the assets.
3. The petition of defendant for an injunction only makes proof of allegations made for an injunction, but not of the facts alleged.
4. One who alleges that his paper was used as accommodation paper must prove the fact.
5. The one who plaintiff alleges was the principal debtor was not examined as a witness to prove the payment alleged and no testimony was offered by either of the debtors.
6. The books and papers of the bank, with the exception of a few, had all been destroyed. Incompleteness of the record in the present condition of affairs is not ground to annual and set aside a judgment, on the ground of payment when there is no evidence by the one alleging payment showing that payment has been made as alleged.

APPEAL from the Civil District Court, Parish of Orleans — *King, J.*

*Dufour & Dufour, Joseph Brewer* and *Joseph O. Daspit* for Plaintiff, Defendant in Injunction and Appellee.

*Robert G.·Dugue* and *Saunders & Gurley* for John T. Moore, Jr., Defendant, Plaintiff in Injunction, Appellant.

*Dinkelspiel & Hart* for Civil Sheriff, Defendant in Injunction, Appellee.

. The opinion of the court was delivered by

BREAUX, J. This suit was instituted by Mr. John T. Moore to enjoin plaintiff from collecting a judgment it obtained against him, and to have the judgment enjoined, decreed null.

In January, 1890, Mr. Philip Thompson gave the Mutual National

Bank his note for twenty thousand dollars, and to secure its payment he pledged a number of collaterals, one of which was a note of Moore, the maker, for four thousand seven hundred dollars, secured by mortgage on property in Birmingham, Alabama.

At the maturity of the Moore note, secured by mortgage as just stated, foreclosure proceedings, contradictorily with the parties concerned, were instituted in Alabama, which resulted in the sale of the property for twenty-five hundred dollars, and a judgment for the remaining amount due after the sale, that is three thousand two hundred and forty-two and 73-100 dollars. The Alabama personal judgment was recognized here and was made executory against Moore by a judgment which was affirmed on appeal. National Bank vs. Moore *et al.*, 50th Ann. 1332.

The enjoining debtor who seeks to have the judgment against himself annulled, grounds his action on the averment that the action against Thompson, against whom the judgment was not made executory, though he was made defendant in the action, never was understood by him before he was informed that Thompson was not a debtor of the bank. That if Thompson is entitled to the balance he claims, or if he has it in his power to prove payment, it would protect his codefendant, and yet nothing has been done by plaintiff to compel trial of the action in so far as he is concerned. That in the suit against Thompson, it should be decreed that the issues are not limited by a final judgment.

The said enjoining debtor furthermore especially avers that the bank has been paid in full, but that of this fact he did not become aware until sometime after the judgment, which he seeks to have annulled, had been signed. He also averred that he had been diligent in his defence, and that it was not due to any laches on his part that the defences made in his injunction suit were not presented before the judgment in question had been signed. The defendant in injunction denies all diligence on the part of the plaintiff. It charges, through counsel, that, on the contrary, plaintiff purposely postponed setting up any defence heretofore, and that during plaintiff's intentional delays, officers of the bank have died; the bank has failed; and the books have been destroyed, save a few, as is usual in settling the affairs of an insolvent bank by direction of the Comptroller of the Treasury of the United States. In answer to a *subpoena duces tecum*, issued at the

instance of the plaintiff in injunction, the receiver returned into this court all the remaining books and papers containing any reference to the Thompson transaction. This officer (the receiver) testified to credits to which Thompson is entitled, as made to appear by memoranda kept in the handwriting of the cashier of the bank and showing a balance due by Thompson. The testimony of the attorney of the bank, and that of others, corroborates this testimony based entirely on the cashier's memoranda. These written notes and memoranda of the cashier were admitted in evidence without explanation on his part for the reason that he was dangerously ill at the time and could not testify. The notes, accounts, and memoranda referred to by these witnesses, are in evidence. Two of the employees of the bank, as witnesses, explained that there might be an indebtedness to the bank by Thompson without its appearing in the ledgers extant.

When the first receiver who had charge of the affairs of the bank was examined as a witness, mention was made of the inventory of the assets made by the bank examiner showing the assets of the bank. Whereupon counsel called for this list, which this witness promised to produce. When the counsel for the defendant bank brought the taking of their testimony to a close, the following, at their instance, was entered on the minutes: "They cannot produce the inventory or list of assets made by the bank examiner which has heretofore been called for by plaintiff in injunction. Mr. Huger reports that he cannot find it."

It appears from the record that plaintiff in injunction, during the trial, offered in evidence his affidavit and petition for an injunction, the order rendered thereon, the injunction bond, and the sheriff's notices of seizure annexed to the petition.

The judge of the District Court found that the officers and those in charge of the bank's affairs had not, as charged, concealed the facts.

With reference to the averment of Moore that he had discovered, after the judgment had been signed, that Thompson was not indebted to the bank, it devolved upon him, Moore, to prove this when he was informed of this asserted fact, and, further, that it could not have been ascertained sooner. The District Court also decided that the evidence did not show that the note given by Moore was an accomodation note, and, lastly, the conclusion was arrived at by the district judge that the failure of John T. Moore to testify in the case raises every presumption

against him. He dissolved the injunction and allowed 10 per cent. on the amount involved.

The proceedings which resulted in a judgment, and the judgment attacked, had every appearance of regularity. The rights of the parties were fixed in this judgment, after all the testimony offered had been heard. For reasons not stated by counsel, nor explained by the testimony, the judgment obtained in Alabama was made executory in Louisiana only against the defendant, Moore, and as to his co-defendant, Thompson, no final judgment has yet been entered. We have discovered no good reason to conclude that the omission to press the case against the latter, Thompson, to final termination and judgment, was cause sufficient to give rise to the inference that it was because Thompson was not indebted to plaintiff, the bank, and that the officers in charge of the liquidation, none the less, ought to recover judgment. The parties were sued *in solido* and we judge that they were solidarily bound, for the judgment was rendered against Moore as one bound *in solido* and it has become final. The parties being bound *in solido,* in the absence of all testimony on the subject, no significance can be given to the asserted intentional omission of the plaintiff to press the claim to judgment against both defendants. The testimony does not disclose an intention on the part of the defendant in injunction to take an undue advantage by not insisting upon a judgment against both defendants. The oral argument led us to infer that, owing to misfortune in business, nothing could be collected at this time from the defendant, Thompson, against whom, as yet, no judgment has been pronounced.

In reference to the contention, that it is because the bank is paid, we can only answer that it was incumbent upon the plaintiff in injunction to prove payment. We have not found proof of payment in the record. The evidence is not as conclusive as perhaps it would be if the books of the bank, with the exception of a few, had not been destroyed. The destruction of the books and papers has given to plaintiff in injunction the plausible opportunity of insisting upon the non-indebtedness of Thompson to the bank. But neither he, nor the other defendant, has sought to take advantage of that opportunity by the testimony of one or the other. Plaintiff in injunction rests upon his allegations that the ex-bank has been paid by collecting on its collaterals. The present unsatisfactory condition of the bank's record, as relates to this claim, is pointed to as sustaining the allegation of this plaintiff.

In view of the years that have elapsed since these transactions were entered into, the destruction of the books and papers, and of the inability of the cashier to testify, for reasons above stated, we do not find it possible to agree with plaintiff in this respect. Granted that these records prove nothing, the defendant in injunction has a judgment which can be annulled only for good cause shown.

It was incumbent upon the plaintiff, in view of the circumstances, to have Thompson, by whom the loans were obtained, summoned and examined as a witness. He was the borrower. He knew or had it in his power to prove the amount of the collaterals pledged. The names of the debtors and those collaterals are surely known to some one, and by reference to them, with some degree of certainty, it might have been determined who had paid and who had not, and thus prove the amount realized by the bank on these collaterals to a credit of which the debtor was entitled.

But this plaintiff, instead of thus making proof or seeking to make proof, asserts that neither he nor Thompson can prove his own allegations to be true, except by examination of the books and the officials of the bank; that neither he nor Thompson knows what the bank has actually collected. From this we infer that neither of them knows whether or not the bank has been paid, although they have, on other occasions and in the pleadings, averred that the bank has been more than paid.

The note of the principal debtor, the collaterals pledged, the judgment pronounced, show that there is an indebtedness. This, to an extent, at least, is corroborated by the books and papers and the testimony of the officers. The following from the testimony of the last receiver, Mr. Richardson, serves the purpose of an illustration:

Q. "Look at the list, please, and see whether, on that list, there appears anything showing an indebtedness from Philip Thompson to the Mutual National Bank, and, if so, what is it?

A. "In this list which I hold in my hand, dated February 15th, 1899, which list is also a receipt, there appears this statement, under the head 'Other Assets Doubtful.' Claim against Philip Thompson not on hand.

Q. "What is the meaning of the 'not on hand?'

A. "That meant that it was in the hands of the attorney for collection and not received by me."

There is no testimony contradicting the statement of the witness. Plaintiff in injunction especially complained of want of the examiner's list of assets as part of the evidence, and seeks to fix the responsibility for its absence on defendants. He refers to the fact that at about the time of the failure of the bank, the examiner was in charge for a period of about four months; that he had time to make a thorough examination of the books; that when the receiver took charge, the examiner gave him a list of the assets of the bank and kept a duplicate of it on file in the department in Washington; that this list shows, in detail, every separate asset of the bank; that he demanded from Mr. Huger, the first receiver, to produce this list, or a copy of it, if the original could not be found. Instead of producing the original, or a copy of it as he had promised, on the day fixed for argument, he filed a return which merely stated that he could not find it, and, therefore, could not produce the original, and said nothing as to the reasons for not prducing the copy. The plaintiff in injunction avers that the failure to produce this list, after it had been called for, and after he had promised to produce it, raises the strongest kind of presumption that if the list had been produced it would have shown that it carried on it nothing as due by Thompson. Upon examination of the record, we did not find that the plaintiff objected to the return of the receiver that he did not have the list and no bill of exceptions was taken.

In reference to the note for twenty thousand dollars, after deducting the amount of collaterals collected as made to appear by acknowledgment written across the face of the note, there remains a balance due to the bank. Deducting the collected collaterals, as mentioned on the note, there remains due four thousand three hundred and fifteen 32-100 dollars, if one hundred and fifty-seven 80-100 dollars be taken as the correct amount of one of the collections, or thirty-two hundred and seventy-two 57-100 dollars, if fifteen hundred and seventeen 81-100 dollars be taken as the correct amount. In the body of the statement one hundred and fifty-seven 80-100 dollars is put down as the correct amount, while on the margin of the same statement it is fifteen hundred and seventeen 81-100 dollars.

We come next to Moore's denial of all indebtedness on his part to Thompson, and that, in consequence, his paper transferred to Thompson to be pledged as security, was accomodation paper.

The defendants, the bank officers, when the evidence was being heard,

sought to prove an indebtedness by Moore to Thompson. Plaintiff, Moore, objected to all testimony offered to prove his asserted indebtedness. He contended, in opposition to the admissibility of the testimony, that it was irrelevant and unconnected with the case; that the issues were between him and the bank, and not between him and Thompson. The court sustained the objection and excluded the testimony. But at another time during the course of the trial, in connection with the testimony of one of the witnesses, plaintiff in injunction introduced testimony which he contends shows he transferred accomodation paper. This testimony consisted of his petition in this suit and accompanying paper (shown in our statement of facts) as proof that the paper transferred to Thompson was accomodation, as alleged, and that he was not indebted to him. At one moment defendant was not permitted to introduce testimony offered for the purpose of showing that Moore was indebted to Thompson, and at another moment Moore introduced testimony to prove that he was not indebted. This, in view of the present condition of the case, could not make any great difference were it not that although the latter's testimony was admitted, it did not prove the fact for which plaintiff contended.

The facts set forth in the petition for an injunction do not constitute *prima facie* evidence.

The decisions cited by plaintiff's counsel, relative to the *prima facie* effect of affidavits for conservatory writs, do not sustain plaintiff's position, *i. e.,* that full effect, as evidence, should be given to this petition, because it was admitted in evidence without objection. This petition may serve to prove *rem ipsam*. In matter of the suit it cannot be taken as proof of the nature and extent of an obligation of the one alleging. Here again, parties have not chosen to testify in their own behalf in reference to a matter of which they alone, presumably, had knowledge.

From this point of view, plaintiff is without right to maintain his suit to annul the judgment, for he is without interest, and the bank, or its successor, is entitled to collect the amount. In any case the bank is entitled to the amount, or collateral, equal to the balance due it, and with the evidence before us, we do not feel that we would be justified in concluding that less is due than claimed.

For reasons assigned, judgment appealed from is affirmed.

MONROE, J., recused.

Rehearing refused.