WATSON, Judge.
This is an appeal from a judgment denying a writ of preliminary injunction to halt the sale of certain property seized under a writ of fieri facias issued to satisfy an earlier judgment.
Southeastern, Inc., d/b/a Southeastern Materials Company, plaintiff, obtained a default judgment on November 21, 1969, based on a promissory note for $9,180.00 against defendants, Hub City Ready-Mix, Inc. and J. P. Van Way, individually. In the present proceeding, Van Way filed a petition to enjoin execution of the judgment by Southeastern and following a judgment denying the injunction, he has appealed.
Van Way filed a petition to enjoin the sale of certain immovable property owned by him and located in the Parish of Lafayette on the grounds that: Southeastern had obtained from Hub City Ready-Mix a Hendrickson 1962 truck-tractor; and the transfer of the truck to Southeastern without appraisement fully extinguished Southeastern’s judicial mortgage under the provisions of the Louisiana Deficiency Judgment Act (LSA-R.S. 13:4106-4107). In the alternative, the petition alleged that Van Way was entitled to credit on the judgment for the fair rental value of the truck and another credit of $1,682.50 paid by Al-a-dex Corporation to Southeastern on behalf of Hub City and Van Way. The dates of the truck transfer and the Al-a-dex payment were not established with certainty but apparently took place when Hub City was in dire financial straits in 1969. The injunction was sought under LSA-C. C.P. art. 2298(2).
Southeastern answered the petition for injunction with a denial of the various allegations.
A hearing was held at which various parties testified concerning the events surrounding the judgment of 1969, the transfer of the truck and the payment of an amount by Al-a-dex Corporation to Southeastern. None of the parties had a very clear or precise recollection of the events.
The trial court concluded, after hearing the witnesses, that the transactions related to payment of an account existing prior to the signing of the note.
The issue with which we are presented on appeal is whether there is manifest error in the conclusion of the trial court that the transaction concerning the truck and the payment by Al-a-dex were on another account and not credits against the promissory note.
The testimony of the various witnesses is rather vague and imprecise. The trial court had the .opportunity to hear and see the witnesses and was apparently not impressed with the evidence presented by Van Way in support of his contention that the truck transfer and the Al-a-dex payment were intended in satisfaction of the *516 judgment of 1969. We find no manifest error in this factual determination by the trial court; our independent conclusion is that the evidence presented on behalf of Van Way is not convincing.
The burden of proof is on the party seeking to enjoin enforcement of a judgment. Mutual Nat. Bank v. Moore, 104 La. 150, 29 So. 103 (1900). If he fails to carry the burden, his petition must be dismissed.
Therefore, the judgment of the trial court is affirmed at the cost of appellant, J. P. Van Way.
Affirmed.